<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN MOSES,<br><br>    Plaintiff,<br><br>    v.<br><br>WAYFAIR LLC *et al.*,<br><br>    Defendants. | Civil Action No. 20-5278 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

  This matter comes before the Court on Defendants Wayfair LLC ("Wayfair"), Max Uniman ("Uniman"), Luis Rodriguez ("Rodriguez"), Shellie Weber ("Weber"), Gerrod Smith ("Smith"), and Donald Lovill's ("Lovill," and collectively, "Defendants") Motion to Dismiss pro se Plaintiff John Moses's ("Moses") Amended Complaint. (ECF No. 21). Moses opposed (ECF No. 25), and Defendants replied (ECF No. 26). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants in-part and denies in-part Defendants' Motion to Dismiss.

**I.  <u>BACKGROUND</u>**

  This action arises out of several employment disputes. On September 23, 2019, Moses began working as a warehouse associate for Wayfair, an e-commerce company that sells furniture and home goods. (Am. Compl. ¶ 10, ECF No. 10.) On his first day, Plaintiff asserts that he notified Linda, a human resources ("HR") representative, that he "had suffered permanent loss of vision in his left eye" due to an injury sustained in 2012 and that Linda and Lovill denied him permission

to use his prescription shaded glasses on the warehouse floor. (*Id.* ¶¶ 19-22.) On October 16, 2019, Moses suffered a workplace injury when he crashed a Cherry Picker forklift machine "while trying to avoid [other] machines that were left unattended." (*Id.* ¶ 24.) After the accident, Moses was not permitted to operate the Cherry Picker forklift until he completed a week of retraining. (*Id.* ¶ 38.) Moses alleges that Wayfair discriminately applied this retraining policy against black employees. (*Id.* ¶¶ 43-53.)

The next day, Wayfair reassigned Moses to another department, where sitting manager Rodriguez allegedly told him "I am the head n----- in charge," "I don't care if your black a-- was injured the night before, I'm still gonna work your black a--," and "clock out n-----, I don't need your sick black a--." (*Id.* ¶¶ 25-26.) The following day, Moses filed an EEOC complaint alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"). (*Id.* ¶¶ 16, 29.) Moses provided Weber, an HR manager, with a copy of the EEOC complaint later that day (*Id.* ¶ 29.)

On November 14, 2019, Uniman, a talent manager, informed Moses that Wayfair was denying him an employee referral bonus. (*Id.* ¶ 59.) Moses alleges that upon his contesting the denial, Uniman responded "white people deserve the money more" than he did. (*Id.* ¶ 61.) Moses thereafter filed an amended EEOC complaint, this time claiming a retaliatory denial of an employee referral bonus. On January 23, 2020, the EEOC issued Moses a Notice of a Right to Sue. (Ex. 10 to Am. Compl., ECF No. 10-2.)

On April 8, 2020, Wayfair, through Weber, fired Moses "for being on the cellphone while on the work floor" a few days prior. (Am. Compl. ¶ 68.) Moses alleges that "Weber and Defendant Wayfair [LLC] were quick . . . to terminate [him] because he filed a discrimination charge against

[Weber, Rodriguez, and Wayfair]." (*Id.* ¶ 72.) Weber allegedly told Moses, "Did you think that you was [sic] going to get away with taking us to the EEOC and filing a discrimination [c]omplaint? We was [sic] just waiting for it to be over and dismissed." (*Id.* ¶ 69.) Moses alleges that Wayfair discriminately enforced policies restricting cellphone use and claims that he spoke with Dan Hudson, a director, after witnessing a department supervisor use his cellphone with impunity. (*Id* ¶ 68.) Moses further alleges that, after questioning Weber about Wayfair's cellphone policy, Weber told him, "Go f--- yourself you smart a-- n-----." (*Id.* ¶ 71.)

Shortly after his termination, Moses sued Wayfair and several Wayfair employees. (ECF No. 1.) Moses filed the instant Amended Complaint, which added four other Wayfair employees.[1] Although difficult to ascertain, Moses's Amended Complaint broadly alleges race-based and disability-based discrimination under several causes of action, including 42 U.S.C. § 1983 (Counts I, II, and IV), the ADA (Counts III), and New Jersey's Law Against Discrimination ("LAD," Counts V–VIII). The Amended Complaint also appears to allege a Title VII cause of action. (*See* Am. Compl. ¶ 1 ("Plaintiff brings this civil action seeking relief under Title VII . . . .").) The instant Motion followed. (ECF No. 21.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2)[2] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

---

[1] Moses has not yet served the four new Defendants.

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

When, as here, a plaintiff is proceeding *pro se*, "the complaint is 'to be liberally construed,' and 'however inartfully pleaded, must be held to less stringent standards than formal proceedings drafted by lawyers.'" *Walsh v. Household Fin. Corp. III*, No. 15-4112, 2016 WL 6826161, at *2 (D.N.J. Nov. 17, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)). However, a pro se litigant "is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). Thus, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

Construing his Amended Complaint liberally, Moses raises claims for race-based and disability-based discrimination under theories of disparate impact, hostile work environment, and retaliation. These theories take the form of three separate types of causes of action: (1) § 1983 claims, (2) an ADA claim, and (3) NJ LAD claims. (*See generally* Am. Compl.) Moses also appears to allege causes of action under Title VII. (*See id.* ¶ 78 ("The actions of Defendants constitute a violation of the [Title VII] of the Civil Rights Act of 1964.").) The Court addresses Moses's § 1983 claims first and the remaining claims second.

### A. 42 U.S.C. § 1983

Moses first asserts numerous counts of race-based discrimination against Defendants under 42 U.S.C. § 1983. To state a claim under § 1983, Moses must allege: (1) he has been deprived of a right "secured by the Constitution or laws of the United States" and (2) the deprivation was caused by "a person acting under color of state law." *Bocchino v. Atlantic City*, 179 F. Supp. 3d 387, 393 (D.N.J. 2016) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Critically, private employers and employees, like Defendants here, can act under color of state law when they act as follows: (1) they have performed a public function traditionally reserved for the state, (2) they have acted "with the help of or in concert with state officials," or (3) they have a "symbiotic relationship" with the State. *Blevins v. SEW Eurodrive, Inc.*, No. 05-5261, 2006 WL 1128708, at *3 (D.N.J. Apr. 25, 2006) (citing *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)). Plainly, Defendants have not acted under color of state law. Moses's Amended Complaint alleges no facts establishing that a furniture retailer acts in a traditional public function, acts in concert with public officials, or has a symbiotic relationship with New Jersey. (*See* Am. Compl. ¶ 6 (alleging that Wayfair is a "private entity").) Thus, the Court dismisses these counts.

### B.    Remaining Claims

The remaining counts differ in their analysis between Wayfair and the individual Defendants. The Court thus addresses each in turn.

#### 1.    Counts Against Wayfair

Moses's Amended Complaint alleges Title VII, ADA, and NJ LAD claims against Wayfair. As applied to Wayfair, Defendants assert that the Amended Complaint fails to comply with Rule 8's pleading standards. Specifically, Defendants argue that the Amended Complaint alleges improper group pleading and that it fails to allege specific elements under the ADA. (*See id.* at 7-9, 13-15, ECF No. 21-1.) The Court rejects both arguments.

To start, "[w]hen a number of defendants are named in a complaint, plaintiff cannot refer to all defendants 'who occupied different positions and presumably had distinct roles in the alleged misconduct' without specifying 'which defendants engaged in what wrongful conduct.'" *Bass v. Howard*, No. 19-17077, 2020 WL 1332007, at *4 (D.N.J. Mar. 23, 2020) (quoting *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013)). Moses's Amended Complaint does not so plead. It pleads specific conduct from individual Defendants and specific job titles. (*See, e.g.*, Am. Compl. ¶ 26 (alleging race-based comments made by Defendant Rodriguez, the "2nd Shift Receiving Supervisor"), ¶ 33 (alleging same), ¶ 43 (alleging preferential treatment "towards Spanish and Caucasian associates over African American associates" by "Supervisor" Lovill and "Manager" Smith), ¶ 50 (alleging preferential treatment toward non-African American employee by Defendant Lovill), ¶ 58 (alleging race-based comments made by Defendant Smith).) The Amended Complaint also alleges specific Wayfair programs that Wayfair did not honor. (*See, e.g., id.* ¶ 53 ("African American associates do not receive a benefit of doubt nor do they receive preferential treatment [under the] Equipment Progress Disciplinary Action."), ¶ 60 ("On Friday, November 14, 2019 at 9:00 AM Plaintiff was contacted by Mr. Max

Uniman regarding Wayfair's Employee Referral Program. The Defendant, Mr. Uniman, informed the Plaintiff he was denied a bonus in the amount of $500 under the Wayfair's Employee Referral Program for referring Mr. Adam Robinson after his hired date." (footnote omitted)).) The Court thus cannot say that Moses's Amended Complaint "fail[s] to allege the personal involvement of any defendant" through "conclusory allegations against defendants as a group." *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015); *see also Ocasio v. County of Hudson*, No. 14-811, 2018 WL 707598, at *4 (D.N.J. Feb. 5, 2018) (rejected group pleading theory "meritless" where complaint created "factual narrative [of] very specific instances" and "plainly alleged" misconduct).

Turning to Wayfair's second argument, that the Amended Complaint fails to allege a cause of action under the ADA, the Court finds Moses's pleading sufficient. Moses's Amended Complaint alleges that Wayfair violated the ADA by (a) failing to train Moses on the Reach Truck forklift, and (b) failing to accommodate his request to wear dark prescription glasses. (*See* Am. Compl. ¶¶ 105, 107.) Although unclear, the Amended Complaint appears to allege a disparate treatment theory of disability discrimination, whereby Wayfair treated disabled employees worse off than non-disabled employees. (*See id.* ¶ 109.) A prima facie case under the ADA for disparate treatment comprises three elements: "(1) [Plaintiff] is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000) (quoting *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998)). Critically, for employment discrimination suits at the motion-to-dismiss stage, "a plaintiff is not required to establish the elements of a prima facie case but instead, need only put forth allegations that 'raise

7

a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Fowler*, 578 F.3d at 213 (citation omitted).

Moses's Amended Complaint meets this pleading standard. Defendants counter that the Amended Complaint fails to satisfactorily plead the elements of an ADA claim. Defendants first suggest that Moses's loss of vision in one eye cannot qualify as an ADA disability. (*See* Defs.' Moving Br. 13.) But the law provides that monocularity—and the consequent limitations that condition placed on Moses—is a factual determination best left for discovery. *See Polini v. Lucent Techs.*, 100 F. App'x 112, 118 (3d Cir. 2004). To be sure, the leading U.S. Supreme Court case on this matter illustrates just how fact-intensive the inquiry into Moses's disability is:

> This is not to suggest that monocular individuals have an onerous burden in trying to show that they are disabled. On the contrary, our brief examination of some of the medical literature leaves us . . . [with the] judgment that people with monocular vision "ordinarily" will meet the Act's definition of disability, and we suppose that defendant companies will often not contest the issue. We simply hold that the Act requires monocular individuals, like others claiming the Act's protection, to prove a disability by offering evidence that the extent of the limitation in terms of their own experience, as in loss of depth perception and visual field, is substantial.

*Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 567 (1999) (citations omitted). Thus, the Court rejects Defendants' invitation to hold as a matter of law that monocularity does not qualify as an ADA disability. Such a decision is more appropriately considered at the summary judgment stage.

Defendants also suggest that Moses's Amended Complaint does not plead a failure to reasonably accommodate or an adverse employment action. For similar reasons as above, the Court finds that the Amended Complaint satisfactorily pleads these elements. The Amended Complaint alleges that Wayfair did not accommodate his request to wear prescription glasses on the warehouse work floor. (*See* Am. Compl. ¶ 21.) For an ADA claim, that allegation is sufficient to plead an adverse employment action. *See Colwell v. Rite Aid Corp.*, 602 F.3d 495, 504 (3d Cir.

8

2010) ("Adverse employment decisions in [the ADA] context include refusing to make reasonable accommodations for a plaintiff's disabilities." (citation omitted)). As to whether Moses's accommodation was reasonable, the Court finds making that decision premature at this early stage. *See Assisted Living Assocs. of Moorestown, L.L.C. v. Moorestown Township*, 996 F. Supp. 409, 434-35 (D.N.J. 1998) (noting that "reasonable accommodation inquiry" is "highly fact-intensive" and "case-specific"). That is especially so since Defendants will ultimately bear the burden of showing that Moses's accommodation is unreasonable as an affirmative defense. *See Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996) (noting that defendant ultimately "bears the burden of proving, as an affirmative defense, that the accommodations requested by the plaintiff are unreasonable, or would cause an undue hardship on the employer"); *Clean Air Council v. U.S. Steel Corp.*, 4 F.4th 204, 211 (3d Cir. 2021) ("[C]ourts rarely consider affirmative defenses on motions to dismiss." (citing *In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005))); *Burbach v. Arconic Corp.*, --- F.3d ---, 2021 WL 4306244, at *6 (W.D. Pa. Sept. 22, 2021) (denying motion to dismiss where affirmative defense was "not apparent from the face of the complaint").[3]

### 2. Counts Against Individual Defendants

Regarding the individual Defendants, Defendants assert that Moses's Amended Complaint fails to adequately allege causes of action under Title VII and the ADA. To the extent the Amended Complaint alleges an independent cause of action under Title VII, the Court agrees that such claim is improper against individual Defendants. *See Moses v. Home Depot Inc.*, No. 16-2400, 2018 WL 1542154, at *3 (D.N.J. Mar. 29, 2018) ("Title VII does not provide liability of employees in their

---

[3] Defendants' cited case law reinforces this black-letter law as those cases accepted those employers' reasonable accommodation defense at the summary judgment stage. *See Rogers v. Alternative Resources Corp.*, 440 F. Supp. 2d 366, 374-75 (D.N.J. 2006); *Cross v. Brennan*, No. 12-2670, 2016 WL 4689042, at *7 (D.N.J. Sept. 6, 2016).

individual or official capacities."); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir.1996) ("Congress did not intend to hold individual employees liable under Title VII."). The same is true for ADA claims. *See DeSantis v. N.J. Transit*, 103 F. Supp. 3d 583, 590 (D.N.J. 2015) ("I find that the Third Circuit's Title VII holdings most naturally extend to the ADA and ADEA, and that individual liability is equally barred under all three statutes." (listing cases)).

### IV.     CONCLUSION

For the forgoing reasons, Defendants' Motion to Dismiss is granted in-part and denied in-part. The Court will enter an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**