UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN MOSES,

    Plaintiff,

    v.

WAYFAIR INC., et al.,

    Defendants.

Civil Action No. 20-5278 (RK) (DEA)

**MEMORANDUM OPINION**

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon *pro se* Plaintiff John Moses' ("Plaintiff") appeal of Magistrate Judge Arpert's December 21, 2022 Order (ECF No. 47) denying his request to extend the fact discovery deadline. (ECF No. 49.) Plaintiff filed the instant appeal on January 6, 2023. On January 23, 2023, Defendants filed a memorandum in opposition and cross-motion seeking attorneys' fees and costs. (ECF No. 51.)

    The Court decides both motions without oral argument pursuant to Local Civil Rule 78.1 and finds jurisdiction to review the magistrate court's determination pursuant to 28 U.S.C. § 636(c)(4). *See also* Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c). Having carefully considered the parties' submissions and for the reasons set forth below, Plaintiff's appeal is **DENIED** and Judge Arpert's Order is **AFFIRMED**. Defendants' cross-motion for attorneys' fees and costs is **DENIED**.

    **I.    BACKGROUND**

    On April 29, 2020, Plaintiff filed a complaint against his former employer, Wayfair Inc., and several of its employees, alleging race-based and disability-based discrimination arising from incidents that occurred during his employment from September 23, 2019 until his termination on

April 8, 2020. Specifically, Plaintiff alleges that Wayfair's retraining policy unlawfully targets black employees (Am. Compl. ¶¶ 43-53, ECF No. 10); that he was the subject of several racist comments made by his co-workers and bosses (*id.* ¶¶ 25-26); that he was denied an employee referral bonus due to his race (*id.* ¶¶ 59-61); that Wayfair discriminately enforces its cellphone usage policy (*id.* ¶ 68); and that he was terminated because he filed a discrimination complaint with the Equal Employment Opportunity Commission (EEOC) (*id.* ¶ 69). Plaintiff filed under several causes of action, including 42 U.S.C. § 1983 (Counts I, II, and IV), the Americans with Disabilities Act of 1990 ("ADA") (Count III), and New Jersey's Law Against Discrimination ("LAD," Counts V–VIII).

On December 30, 2021, Judge Shipp dismissed Counts I through IV. (ECF Nos. 27 & 28.) The remaining four counts pertain to violations of the New Jersey LAD and incorporate essentially the same alleged conduct. Following Judge Shipp's Order, the parties commenced discovery. On February 4, 2022 Judge Arpert held a status conference and issued an initial scheduling order requiring that "[a]ll fact discovery, including any third party depositions, must be complete by August 30, 2022." (ECF No. 34.)

On June 6, 2022, following a telephonic status conference, Judge Arpert extended the discovery schedule. The revised scheduling order stated that Plaintiff's deadline for serving written discovery requests would be extended to July 6, 2022, and the completion of all fact discovery would be extended to September 30, 2022. (ECF No. 36.)

On August 11, 2022, counsel for Defendants submitted a letter to Judge Arpert indicating that Plaintiff had failed to respond to Defendants' discovery requests and that he has been essentially incommunicado for the entirety of the discovery period. (ECF No. 38.) The following day, Judge Arpert issued an order that Plaintiff show cause as to why the complaint should not be

2

dismissed given his failure to comply with the discovery schedule. (ECF No. 39.) On August 22, 2022, Plaintiff responded that he "has not been responding to court[] orders [] due to COVID-19 complications." (ECF No. 40.) Following a telephonic status conference, Judge Arpert again extended the deadline for service of Plaintiff's written discovery requests to September 12, 2022. (ECF No. 41.) In bold typeface, the Court added, "Failure to serve by this date will be deemed a waiver of Plaintiff's right to serve such requests." (*Id.*) The fact discovery deadline was further extended to November 15, 2022. (*Id.*)

Plaintiff served his responses to Defendants' discovery requests on September 11, 2022, the day before the deadline. (Def.'s Letter, ECF No. 46 at 2.) The same day, Plaintiff also served his own discovery requests on Defendants. (*Id.*) On November 7, 2022, Judge Arpert held a fourth telephonic status conference. (ECF No. 44.) Defendants informed the Court that Plaintiff's discovery responses were deficient and all attempts to schedule a deposition with Plaintiff had proven unsuccessful. (ECF No. 47 at 2.) Judge Arpert assisted the parties in scheduling Plaintiff's deposition. (*Id.*)

On November 28, 2022, thirteen (13) days after the fact-discovery deadline had passed, Plaintiff sought a further extension of the fact discovery deadline and permission to serve additional written discovery requests on Defendants. (ECF No. 45.) Plaintiff argued that an extension was warranted because "Defendants mislead [*sic*] and []withheld their correct 'Legitimate Reason' for terminating Plaintiff's employment with the company." (*Id.*) Defendants opposed, arguing that the information had already been provided to Plaintiff, and Plaintiff's failure to use the many months that were granted to him to engage in discovery is no cause to further delay the litigation. (ECF No. 46.)

On December 21, 2022, Judge Arpert denied Plaintiff's request to extend discovery. (ECF No. 47.) In the corresponding order, Judge Arpert explained:

> The Court is unpersuaded that Plaintiff recently obtained information that justifies delaying discovery any longer. The Court has already granted Plaintiff two fact discovery extensions and Plaintiff has had over six months to serve written discovery requests. Moreover, Plaintiff will have the opportunity to elicit the information he seeks from Defendants during depositions.

(*Id.* at 3.) The subject appeal followed.

## II. LEGAL STANDARD

Magistrate judges are authorized "to hear and determine any pretrial matter pending before the court," with the exception of certain dispositive motions. 28 U.S.C. § 636(b)(1)(A); *see also* L. Civ. R. 72.I(a)(i). A magistrate judge's resolution of a matter may only be set aside if the "order is clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); *see also* Fed. R. Civ. P. 72(a). A finding is "clearly erroneous when [the district judge] is left with the definite and firm conviction that a mistake has been committed." *In re Allergan Biocell Textured Breast Implant Prod. Liab. Litig.*, No. 19-2921, 2022 WL 3211421, at *3 (D.N.J. Aug. 9, 2022) (citations and internal quotations omitted). For a magistrate judge's decision to be contrary to law, the reviewing court must find that the magistrate judge misapplied or misinterpreted the applicable law. *See Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (citation omitted).

The burden of demonstrating that the magistrate judge's ruling was clearly erroneous or contrary to law lies with the party filing the appeal. *Marks*, 347 F. Supp. 2d at 149. When the underlying ruling relates to a non-dispositive matter, such as a discovery motion, "[the magistrate judge's] ruling is entitled to great deference and is reviewable only for abuse of discretion." *Frank v. Cty. of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996) (citations omitted). Abuse of discretion is

found "when the judicial action is arbitrary, fanciful or unreasonable," or in other words, "only where no reasonable man [or woman] would take the view adopted by the court." *Fagan v. Fischer*, No. 14-7013, 2018 WL 2859541, at *10 (D.N.J. June 11, 2018) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

### III. DISCUSSION

#### A. PLAINTIFF'S APPEAL

Each of Plaintiff's arguments in support of his appeal rely on the contention that Defendants belatedly provided "new evidence," consisting of Shellie Weber's disciplinary infraction write-up which led to his termination, and a work floor video that captures Plaintiff using his cellphone on the warehouse floor during work hours. (ECF No. 48 at 8, 11, 17, 18, 19.) Plaintiff argues that the Magistrate Judge's failure to provide Plaintiff with the opportunity to probe that evidence through additional discovery requests constitutes clear error and deprives Plaintiff of his discovery rights under Rules 16(b)(4), 34(a)(1), and 56(d) of the Federal Rules of Civil Procedure.

Judge Arpert was "unpersuaded that Plaintiff recently obtained information that justifies delaying discovery any longer," (ECF No. 47 at 3) and the Court finds ample support for this finding in the record. Plaintiff claims that he has now been blindsided or "mislead" by Defendants because he "did not have the correct knowledge that he was accused by Shellie Weber for stealing company time and being on the cellphone." (ECF No. 45 at 8; ECF No. 48 at 24). This contention is directly contradicted by the allegations set forth in his own amended complaint, filed on October 6, 2020, which states that "Shellie Weber called Plaintiff Moses on April 08, 2020" and informed him that "his employment has been terminated for being on the cellphone while on the work floor in [*sic*] April 04, 2020." (ECF No. 10 ¶ 212.) And to the extent that the disciplinary infraction report and work floor video uncovered any "new evidence," the Court concurs with Judge Arpert's

5

finding that Plaintiff will be able to inquire of Weber, Hart, and other key witnesses through depositions.[1]

The Court further finds that Judge Arpert's decision to conclude fact discovery was not an abuse of discretion or contrary to law. Throughout this litigation, Judge Arpert has afforded Plaintiff considerable time and leeway to conduct written discovery. Plaintiff has been able to serve written interrogatories on Defendants since February 4, 2022. (ECF No. 34.) He has already been granted repeated discovery extensions. (ECF No. 47 at 3.) Moreover, Plaintiff's own conduct during discovery appears to have been obstructive, uncooperative, and litigious.[2] Considering the circumstances of this particular litigation, Judge Arpert's decision to deny a further extension of written discovery is not only reasonable but in keeping with our discovery rules. *See* Fed. R. Civ. P. 1 (explaining that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"); R. 26(b)(2)(C)(ii) (requiring the court to limit the frequency or extent of discovery if it determines that "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"); R. 16(b)(4) (allowing modification of the discovery schedule "*only for good cause* and with the judge's consent" (emphasis added)).

---

[1] The Court notes that the deadline for conducting depositions has long past, but Judge Arpert, yet again, extended it to afford Plaintiff the opportunity to depose Weber, Hart Keats, and Lovill. (*See* ECF No. 51-3 at 11–12.)

[2] It appears that Plaintiff has been unresponsive to Defendants' discovery requests, uncooperative in scheduling his own deposition (resulting in Judge Arpert's intervention to assist the parties), and further ignored Judge Arpert's requirement that the parties meet and confer before filing discovery motions. (*See* ECF Nos. 47 at 3; 51-3 at 3–9.) The Court takes particular note that on January 11, 2023, Defendants emailed Plaintiff offering to provide all the documents and information he sought — mooting the issue in its entirety — if Plaintiff withdrew his appeal of Judge Arpert's order. (ECF No. 51-2.) Plaintiff refused.

### B. DEFENDANTS' CROSS-MOTION FOR SANCTIONS

Federal Rule of Civil Procedure 37 authorizes courts to sanction parties for discovery violations. "The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976)).

The Court declines to grant Defendants' motion for attorneys' fees at this juncture. The Court notes Plaintiff's *pro se* status and illness during the initial months of discovery. However, the fact that Plaintiff is *pro se* does not permit him to flout discovery orders, be it a scheduling order or a meet-and-confer requirement. The Court therefore cautions Plaintiff to abide by Judge Arpert's orders and directives, and to engage in the discovery process in good faith. Should Plaintiff fail to heed the Court's warning, and should the Court be presented with a motion for sanctions in the face of any future obstructive or non-cooperative conduct, the Court will impose sanctions if appropriate.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Appeal is **DENIED** and Judge Arpert's Order denying Plaintiff's motion to extend discovery is **AFFIRMED**. Defendants' cross-motion for sanctions is **DENIED**. An appropriate Order follows.

                                                  **ROBERT KIRSCH**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated: June 20, 2023