

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York 10018

**T** (212) 218-5500

**F** (212) 218-5526

rszyba@seyfarth.com

T (212) 218-3351

www.seyfarth.com

September 18, 2024

**VIA ECF**

Hon. Robert Kirsch, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**Re:**   Moses v. Wayfair LLC, et al.
         **Case No.:  3:20-cv-05278-RK-DEA (D.N.J.) – Request for Pre-Motion Conference**

Dear Judge Kirsch:

As the Court is aware, this firm represents Wayfair LLC ("Wayfair") and eight of the individually named Defendants[1] (collectively, "Defendants") in the above-referenced matter.

We write to respectfully request a conference with the Court.  As the Court is aware, on September 6, 2024, the Court issued an Opinion and Order (ECF No. 104 & 105) granting in part and denying in part Defendants' Motion for Summary Judgment.  In essence, the Court granted summary judgment as to all of Plaintiff's claims, *except* Count V of the Amended Complaint, and only with respect to the termination of Plaintiff's employment.  (ECF No. 105, ¶¶ 9-10).  Importantly, and as relevant here, summary judgment was denied as to Plaintiff's claim under Count V under the New Jersey Law Against Discrimination as to all Defendants, which includes Wayfair LLC plus nine individuals.

The issue is that, as to most of the individual Defendants, Plaintiff pled no facts in his Amended Complaint that would establish any basis for liability based on the termination of his employment (i.e., Plaintiff made several other allegations of race discrimination related to these individuals, all of which were dismissed on summary judgment), no such facts were uncovered during discovery, no such facts were presented to the Court via briefing underlying the Motion for Summary Judgment, and the Court cited no facts that precluded summary judgment as to these individuals.

Instead of filing a motion for reconsideration in the first instance, Defendants respectfully request a "pre-motion conference" pursuant to Your Honor's Rules & Procedures § I(A) to attempt a resolution that would avoid motion practice and formal briefing.  Alternately, Defendants seek to confer with Court regarding the most effective and efficient resolution of this issue, as doing so

---

[1]   Seyfarth Shaw LLP does not represent individual Defendant Christopher Keats.



stands to potentially dismiss multiple unnecessary parties from this action, which would streamline any remaining claims/issues in this litigation.

We thank the Court for its attention to this matter.

Respectfully,

SEYFARTH SHAW LLP

*/s/ Robert T. Szyba*

Robert T. Szyba

Cc:   John Moses