# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JOHN MOSES,** | : | |
| | : | Civil Action No. 20-5278 (RK)(JTQ) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| **WAYFAIR LLC, DIRECTOR DAN** | : | |
| **HUDSON, TALENT MANAGER:** | : | |
| **MAX UNIMAN, HUMAN** | : | |
| **RESOURCE MANAGER: SHELLIE** | : | |
| **WEBER, HUMAN RESOURCE** | : | |
| **REP.: LINDA, 1st Shift RECEIVING** | : | |
| **SUPERVISOR: TOM, 2nd Shift** | : | |
| **RECEIVING SUPERVISOR: LUIS** | : | |
| **RODRIGUEZ, 2nd Shift** | : | |
| **RECEIVING SUPERVISOR:** | : | |
| **CHRISTOPHER KEATS, 2nd** | : | |
| **SHIFT BULK MANAGER: GERROD** | : | |
| **SMITH, 2nd SHIFT BULK** | : | |
| **MANAGER: DONALD LOVILL, ALL** | : | |
| **OTHER JOHN DOES -100,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

*Pro se* Plaintiff John Moses ("Plaintiff") filed the instant motion seeking to preclude certain evidence that Defendants[1] collected and served after discovery closed. ECF No. 130. The Court has fully reviewed the Parties' submissions—both in support of and in opposition to Plaintiff's motion—and held oral argument for the

---

[1] Defendants for the context of this motion include Defendants Wayfair LLC ("Wayfair"), Dan Hudson, Max Uniman, Shellie Weber, Linda Herzstein, Tom Mitchell, Luis Rodriguez, Gerrod Smith, and Donald Lovill (collectively, "Defendants").

application on January 29, 2026. For the reasons set forth below, Plaintiff's Motion is DENIED.

And though the motion is denied, the Court takes a moment to make clear that this denial in no way condones counsel's conduct, as it falls below what this Court expects. Counsel should have been more diligent and transparent about their handling of the discovery at issue here, and counsel should have been more contrite in their filings after they learned of their mistake and when they appeared before the undersigned for argument. In short, the Court shares Plaintiff's frustration regarding this dispute. Nonetheless, the law does not support the result Plaintiff seeks.

## I.    BACKGROUND[2]

Plaintiff initiated this action on April 29, 2020. ECF No. 1. The Parties have since litigated this matter for over five years, engaging in extensive motion practice. The origins of the instant dispute date back to May 25, 2023, when Defendants issued a third-party subpoena for Plaintiff's phone records from non-party T-Mobile (the "2023 T-Mobile Subpoena"). ECF No. 131 ("Opp Br.") at 4. Defendants previously sought these records directly from Plaintiff, but Plaintiff refused to produce them. T-Mobile responded to Defendants' subpoena by providing a fee schedule for an archive search for relevant records. *Id.* at 5. However, due to an inadvertent mistake, Defendants' counsel failed to complete the requisite payment and, as a result, did not obtain the records. *Id.*

---

[2] The Court has set forth the background of these matters at length in its previous decision (ECF No. 103) and therefore limits its discussion to the salient facts.

Discovery then closed on January 31, 2024, upon counsel's request and pursuant to the October 26, 2023 Revised Scheduling Order ("2023 Scheduling Order"). ECF Nos. 79, 89. Defendants moved for summary judgment on March 1, 2024, which the Court granted in part on September 6, 2024. ECF Nos. 91, 104. The only claims that survived summary judgment were the discrimination claims under Title VII and the New Jersey Law Against Discrimination ("NJLAD"). ECF No. 105. In his Opinion, Judge Kirsch found that the factual question of whether Plaintiff was using his phone in violation of Wayfair's Electronic Device Usage Policy precluded summary judgment. ECF No. 104 at 27 (holding that "whether Plaintiff was using his phone in violation of Wayfair's Electronic Device Usage Policy" was a "genuine issue[] of material fact" that precluded summary judgment).

The Parties filed a Proposed Joint Pre-Trial Order (the "Proposed JPTO") on December 16, 2024. ECF No. 112. The Court conducted a pre-trial conference on January 14, 2025. ECF No. 113. At this conference, Defendants raised concerns regarding Plaintiff's alleged failure to preserve and produce relevant discovery materials, including his cell phone data and available cell phone billing statements. *See generally* ECF No. 119. Plaintiff also raised objections to certain exhibits Defendants included in the Proposed JPTO because they were produced after the close of the discovery period. *Id.* at 61. The Court granted Defendants leave to file a spoliation motion, which they did on March 28, 2025. *Id.* at 4. The Court also advised Plaintiff that his objections were reserved and could be raised later as an *in limine* motion. *Id.* at 59, 66.

Apparently while Defendants were preparing their spoliation motion, Defendants decided to revisit the subpoenas they previously served, including the one they served on T-Mobile. Opp. Br. at 6. In the resulting communications with T-Mobile, the telephone company confirmed receipt of the prior subpoenas but required Defendants to reissue them before confirming the existence of the records and/or producing them. *Id.* Defendants adhered to T-Mobile's demands without either seeking leave of Court or requesting that discovery be reopened. *Id.* Defendants served a renewed subpoena (the "T-Mobile Subpoena") on February 27, 2025, requesting the same information sought in the original May 25, 2023 subpoenas. Defendants filed their spoliation motion on March 28, 2025. ECF No. 120. Shortly thereafter, T-Mobile produced Plaintiff's phone records (the "T-Mobile Records"). Opp. Br. at 6.

On March 4, 2025, Plaintiff filed a letter raising concerns with the T-Mobile Subpoena but did not seek to quash the subpoena. ECF No. 118. Defendants failed to timely respond to the letter, prompting the Court to direct them to respond to Plaintiff's submission. ECF No. 121. Defendants finally responded on April 15, 2025. ECF No. 124. Thereafter, the Court issued an Order on April 22, 2025 denying Defendants' spoliation as moot. ECF No. 126. The Court then conducted a status conference on April 28, 2025, during which Plaintiff obtained leave to file the instant motion. ECF No. 129 at 30.

## II.   LEGAL STANDARD

The parties fail to identify and apply the same standard when briefing this

motion. Plaintiff cites Rule 16 as the basis for his motion, while Defendants cite Rule 26(b) without so much as addressing Rule 16. How Rule 26(b) applies, the Court does not understand, as the undersigned made explicit at oral argument. At issue is not whether the underlying documents either are or were discoverable under Rule 26(b). The relevant questions here are whether a discovery violation has occurred and what sanctions (if any) are appropriate.  With this framing in mind, the Court will address the motion under Rule 16.[3]

"Matters of docket control and discovery are committed to the broad discretion of [the] district court." *United States v. Washington*, 869 F.3d 193, 220 (3d Cir. 2017). Pursuant to Rule 16, the Court must issue a scheduling order limiting "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A).

Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "What will constitute good cause to warrant modification necessarily varies with the circumstances of each case," and "[t]he Court therefore has great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Rule 16(b)." *High 5 Games, LLC v. Marks*, 2017 WL 349375, at *2 n.2 (D.N.J. Jan. 24, 2017) (internal quotation marks omitted).  But it is incumbent upon the moving party to demonstrate that "despite its diligence, it could not reasonably have met the

---

[3] During oral argument, the Court discussed Rule 37 and whether it was relevant here.  Upon reflection, the Court is satisfied that Rule 16 provides the relevant legal framework to address Plaintiff's motion.

scheduling order deadline." *Hutchins v. UPS*, 2005 U.S. Dist. LEXIS 15625, at *8 (D.N.J. July 26, 2005).  A party that violates Rule 16 also may be subjected to appropriate sanctions.  *See* Fed. R. Civ. P. 16(f).

## III.    ANALYSIS

In his application, titled as a "Motion for Time Barred Evidence," Plaintiff seeks to strike Defendants' exhibits 2, 3, 4, 7, 8, 9, 10, 11, 12, 29, 30, 31, 32, 33, and 34 (collectively, the "Exhibits") that were attached to the Proposed JPTO. Plaintiff also seeks to preclude the T-Mobile Records. Plaintiff argues that Defendants' Exhibits and the T-Mobile records are time-barred as they were obtained and produced after discovery closed. ECF No. 130-1 ("Mov. Br.") at 3-4.

Defendants do not cross-move for affirmative relief; they only oppose the motion arguing, first, that good cause exists to subpoena T-Mobile and obtain the T-Mobile Records[4] and, second, that the Exhibits should not be struck and are an issue best addressed by way of an *in limine* motion. Opp. Br. at 10-16, 16-17. The Court addresses Plaintiff's application with respect to the T-Mobile Records first.

### A. The T-Mobile Records

---

[4] Defendants' arguments regarding the T-Mobile Subpoena and Records invoke some confusion from the Court. First, Defendants construe Plaintiff's application in part as a motion to quash the T-Mobile subpoena. However, the subpoena was already responded to and, thus, this issue appears moot. *Scott v. Eglin Fed. Credit Union*, U.S. Dist. LEXIS 57034, at *3 (N.D. Fla. Apr. 13, 2017). Second, Defendants argue that good cause exists to subpoena T-Mobile and obtain their records. However, *again*, this argument ignores the same glaring temporal issue. The subpoena was already issued, and the records have already been obtained. The Court interprets Defendants' true argument to be that good cause exists to permit the T-Mobile Records despite the untimely subpoena.

Plaintiff asks that the Court preclude the T-Mobile Records as they were obtained after the close of discovery, and Defendants neither sought to reopen discovery nor modify the 2023 Scheduling Order, which Plaintiff contends they should have done.

Defendants take a different view of the result that should be reached here; they argue that good cause exists to allow the T-Mobile Records because: (1) the T-Mobile Records are relevant; (2) Plaintiff refused to produce the records despite multiple discovery requests from Defendants; (3) Defendants made good faith efforts to secure the T-Mobile Records prior to the close of discovery; (4) Plaintiff made no attempt to quash the 2023 T-Mobile Subpoena; and (5) there is neither prejudice nor surprise to Plaintiff as he was well aware of Defendants' efforts to obtain his phone records. Opp. Br. at 10-16.

Though it is unclear why T-Mobile required a second subpoena and why Defendants failed to seek leave to obtain this limited discovery, the Court nonetheless exercises its discretion and finds that good cause exists.

First, it is clear that the T-Mobile Records go to the heart of the case. Indeed, the question of Plaintiff's cell phone use was a focal point in the Court's summary judgment decision. As discussed in Judge Kirsch's thorough Opinion, only two questions of fact prevented dismissal of Plaintiff's Complaint as a whole, one of them being "whether Plaintiff was using his phone in violation of Wayfair's Electronic Device Usage Policy." ECF No. 106 at 27. Because the T-Mobile Records may answer

7

that question, it is hard to imagine information that could be more germane to this action and this issue.

And courts in this District have regularly refused to penalize parties by excluding clearly relevant evidence, even if untimely, as this plainly was. For example, in *Kane v. Manufacturers Life Ins. Co.*, the defendant filed a motion seeking to compel plaintiff to produce certain relevant documents (which the court had previously ordered the plaintiff to produce). 2011 U.S. Dist. LEXIS 164111, at *20 (D.N.J. Aug. 2, 2011). The application was filed five months after the close of fact discovery, but the defendant alleged that the plaintiff's own late responses to discovery caused the delay in filing the motion. *Id.* at *19, 22. Faced with this quandary, the court found itself unwilling "to penalize [the defendant] by excluding clearly relevant discovery" and ordered production. *Id.* at *21.

*Kane* is not an outlier, as a similar decision was reached in *Experian Info. Sols., Inc. v. List Servs. Direct.*, 2018 U.S. Dist. LEXIS 141538, at *11 (D.N.J. Aug. 21, 2018). In that case, the district court affirmed a magistrate judge's decision to grant an untimely motion to compel, where the defendants sought additional discovery four months after fact discovery closed. *Id.* at *4. Because it was clear this information was germane to resolving an issue in the case, the court found that the magistrate judge's decision to allow this late discovery was not an abuse of discretion. *Id.* at *10.

And most recently in *Johnson v. Feigley*, Magistrate Judge Day granted a *pro se* plaintiff's motion to compel the production of audio/video recordings filed after the close of discovery. 2025 U.S. Dist. LEXIS 209792, at *6-7 (D.N.J. Oct. 24, 2025).

8

There, the plaintiff sought the production of five audio/video recordings that were referenced in reports produced by the defendants. Judge Day found the recordings to be "directly relevant to his allegations that he was improperly surveilled without warrants" and to his unlawful search and seizure claims. Based on the obvious relevance of the discovery, "the slight burden of production[,] and lack of prejudice to the [] [d]efendants," the Court found good cause to re-open discovery and ordered the production of the recordings. *Id.* at *6.

The courts' decisions in *Kane*, *Experian Info. Sols.*, and *Johnson* apply perforce here, where the discovery is plainly relevant to perhaps answering one of the open questions in this case (whether Plaintiff was using his phone while at work in violation of Wayfair's policy) and where Plaintiff at least bears some of the responsibility as to why these records were not previously produced. Accordingly, given the potential import of these records coupled with the reasons for their delayed production, Plaintiff's motion must be denied. This approach conforms with Rule 1's laudatory goal that civil actions be administered fairly and justly, and that they be decided on the merits. *See* Fed. R. Civ. P. 1.

Second, but not for inadvertent error (triggered by Plaintiff not producing these documents), Defendants would have possessed the T-Mobile Records long before discovery closed. To be clear, Defendants certainly could have and should have been more attentive and careful here, particularly given the supposed significance of these records to their defense. But counsel's oversight does not negate the Court's finding of good cause under the circumstances, particularly since Defendants acted with

alacrity immediately after learning of their mistake and the existence of these records. *See Physicians Healthsource, Inc. v. Advanced Data Sys. Int'l, LLC*, 2019 U.S. Dist. LEXIS 99377, at *6 (D.N.J. June 11, 2019) (noting that the "good cause standard is satisfied even if the delay . . . stemmed from 'a mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the scheduling order.'" (quoting *In re Merck & Co.*, 2012 U.S. Dist. LEXIS 15611, at *4-5 (D.N.J. Feb. 7, 2012).

Third and finally, there is no prejudice to Plaintiff. These are his records and Defendants have been seeking them from the start of discovery because it is their position that Plaintiff was using his phone while at work, contrary to company policy. Nonetheless, the undersigned explored the question of "prejudice" during oral argument. The Court asked Plaintiff to identify what specific prejudice he faced as a result of the late production of the T-Mobile Records, and asked Plaintiff repeatedly if he would have done anything differently had the Records been timely produced. ECF No. 148 at 21:16-21, 28:22-25, 29:1-2, 30:5-9, 31:8-14, 17-19. The Court did this *not* just to understand this issue better but to see if there was any relief the Court could provide that would cure the alleged prejudice. Yet, Plaintiff's responses were non-committal and inconsistent. Plaintiff indicated that he might have pursued certain depositions. *Id.* at 21:22-25, 22:1.[5] However, at a later point, when asked more definitively if he would have pursued those depositions in response to T-Mobile

---

[5] The Court notes that Judge Arpert denied Plaintiff's request to extend discovery, for the purpose of allowing these depositions to occur, primarily due to Plaintiff's own failure to appear for them at the scheduled time. *See generally* ECF No. 89.

Records, Plaintiff replied, "Maybe . . . Maybe Not." *Id.* at 29:3, 5. On this record, the Court does not find any prejudice to Plaintiff; nor has Plaintiff identified any discovery he would need if these records were permitted, notwithstanding the Court's invitation at oral argument to do so.

Accordingly, because the T-Mobile Records (1) are clearly relevant, (2) were only obtained untimely due to Plaintiff's own noncompliance and an inadvertent mistake, and (3) cause no prejudice to Plaintiff, Plaintiff's request to preclude the T-Mobile Records is denied.

### B. The Exhibits

Plaintiff also requests that the Court strike the Exhibits because they had not been either disclosed or produced in their *entirety* before being attached to the Proposed JPTO. Mov. Br. at 2. Defendants take a different view; they posit that Plaintiff's request suffers both procedural and substantive flaws, and, in any event, argue that this issue is better suited for a motion *in limine*.[6] Opp. Br. at 16-17. Defendants have the better argument here for three reasons.

First, there exists no grounds under Rule 16 for such relief. This is evidenced by Plaintiff's failure to provide any legal support for his request to strike Exhibits from the JPTO. Specifically, Plaintiff's submission does not identify any rule or case

---

[6] Defendants generally argue that the application as a whole is premature requiring evidentiary rulings best suited for a motion *in limine*. However, as the T-Mobile records were obtained through an untimely third-party subpoena issued in violation of the 2023 Scheduling Order, the preclusion of the T-Mobile Records is clearly a discovery issue, properly raised and addressed at this time.

11

law identifying a motion to strike as the proper mechanism to bar the documents he believes are improper. To be clear, Plaintiff can, of course, lodge objections to documents that he believes should not be introduced as evidence at trial. But the Court is unaware of any law (and Plaintiff provides none) that would allow the Court to strike a document that was listed on a proposed pretrial order. Not all is lost, however, since Plaintiff can seek to preclude these documents through an *in limine* motion, explaining (with specific citations to the Federal Rules of Evidence) to the trial judge why these documents should not be allowed at trial.

Second, even if Plaintiff's motion were procedurally proper, Plaintiff's theory for excluding these Exhibits misses the mark, as Plaintiff's claim that Defendants never produced or disclosed the Exhibits is not accurate. The Parties' own statements during the January 14, 2025 conference prove this point. Indeed, Plaintiff admitted to having received excerpts of the Exhibits during discovery. ECF No. 119 at 40-43. And Defendants clarified that they produced the relevant excerpts that were specifically responsive to Plaintiff's discovery demands. ECF No. 119 at 42. Put differently, the only information redacted was information that, in Defendants' view, was not responsive to Plaintiff's discovery demands. Plaintiff never previously complained about these redactions, nor sought unredacted copies of the Exhibits, which Plaintiff could have done. Regardless, there is no factual basis supporting Plaintiff's request to exclude these Exhibits from the JPTO.

Third, Plaintiff's motion fails to identify any specific prejudice that would support granting his motion. To be sure, Plaintiff argues that the Exhibits are time

12

barred but not once explains how including them in the Proposed JPTO would prejudice him, particularly where, as here, the Defendants have represented that the Exhibits will be used solely for rebuttal purposes, if necessary. *Id.* at 41. The lack of any identified prejudice coupled with Defendants' proffered use of the Exhibits weighs heavily against Plaintiff's motion.

For these reasons, the Court denies Plaintiff's request to strike the Exhibits but preserves Plaintiff's objection to the entry of Exhibits.

## IV.     CONCLUSION AND ORDER

Having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78 and for the reasons set forth above;

**IT IS** on this 17th day of March, 2026

**ORDERED** that the Plaintiff's Motion to Preclude Evidence (ECF No. 130) is DENIED; and it is further

**ORDERED** that the Clerk is to provide Plaintiff with a copy of this Order; and it is further

**ORDERED** that the Clerk is to terminate ECF No. 130.

s/ Justin T. Quinn
HON. JUSTIN T. QUINN
United States Magistrate Judge

13