# Seyfarth

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York  10018

**T** (212) 218-5500

**F** (212) 218-5526

epierre@seyfarth.com

T (212) 218-5611

www.seyfarth.com

July 27, 2026

**<u>VIA ECF</u>**

Hon. Robert Kirsch, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**Re:**  ***Moses v. Wayfair LLC, et al.***
      **<u>Case No. 3:20-cv-05278-RK-JTQ (D.N.J.)</u>**

Dear Judge Kirsch:

This firm represents Wayfair LLC ("Wayfair") and eight of the individually named defendants (collectively, "Defendants") in the above-captioned action.[1] We write regarding *Pro Se* Plaintiff John Moses' ("Plaintiff") untimely opposition to Defendants' Renewed Motion for Summary Judgment as to Plaintiff's remaining race discrimination claims under federal and New Jersey state law. (the "Motion"). (ECF Nos. 153-155.) Because filed Plaintiff his opposition three days after the applicable deadline without seeking an extension or providing any explanation for the delay, Defendants respectfully request that the Court disregard the submission and treat the Motion as unopposed.

On June 4, 2026, the Court granted Defendants leave to file the Motion. In doing so, the Court expressly warned that it "will not consider any belated submissions" and that "[i]f Plaintiff fails to file a timely opposition, the Motion will be treated as unopposed." Defendants filed the Motion on July 9, 2026, with a motion return date of August 3, 2026. (ECF Nos. 153-154.) On July 10, 2026, all parties were advised that the Motion would be heard by the August 3, 2026 motion return date schedule, which is publicly available. As such, Plaintiff's opposition papers were due no later than July 20, 2026, and Defendants' reply was due on July 27, 2026. Plaintiff did not file his opposition until July 23, 2026, which was three days after the applicable deadline. (ECF No. 155.)

This Court expressly warned Plaintiff of the consequences of failing to timely oppose the Motion. Despite that warning, Plaintiff ignored the Court's deadline and filed his opposition only after the deadline for the return date had expired. Plaintiff neither sought an extension nor attempted to demonstrate good cause for his failure to comply with the Court's schedule. Indeed, Plaintiff's submission does not offer any explanation for his delay. Under these circumstances, courts routinely deem dispositive motions as unopposed where a party, including a *pro se* litigant,

---

[1]  This firm does not represent Individual Defendant Christopher Keats. Therefore, reference to Defendants, excludes Mr. Keats.



fails to timely file opposition papers. *See, e.g., Koyi v. County of Monmouth*, 2024 WL 1928474, at *4 (D.N.J. Apr. 30, 2024) (treating summary judgment motion as unopposed where pro se plaintiff failed to file opposition in accordance with Local Civil Rules 7.1 and 56.1); *Guthartz v. Hackensack Township*, 2016 WL 706193, at *1 & n.1 (D.N.J. Feb. 22, 2016) (deeming defendants' summary judgment motions unopposed and rejecting plaintiff's opposition as "not filed within the time specified"). Accordingly, Defendants respectfully submit that Plaintiff's opposition should be disregarded and the Motion treated as unopposed as ordered by the Court through its June 4, 2026 Text Order.

Alternatively, if the Court elects to consider Plaintiff's untimely submission, Defendants respectfully request a new date certain for Defendants' reply brief, which would provide Defendants with a week to respond, as Plaintiff's late filing deprived Defendants of the full time allotted under the briefing schedule to review and respond and otherwise prejudiced Defendants.

We thank the Court for its attention to this matter.

Respectfully,

**SEYFARTH SHAW LLP**

*/s/ Ephraim J. Pierre*

Ephraim J. Pierre

cc:     John Moses (via ECF & email)
        Christopher Keats (via email)

327430003v.1